UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID CLAIR ARCHULETA, | Case No. 23-cv-05222-JSC |
|---|---|
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| PATRICK COVELLO, | |
| Respondent. | (ECF No. 5) |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding without an attorney, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court judgment. (ECF No. 11.) Because the petition states grounds for federal habeas relief that are capable of judicial determination, a response from Respondent is warranted. Petitioner is also GRANTED leave to proceed in forma pauperis ("IFP").

## BACKGROUND

In 2022, Petitioner was convicted of a variety of offenses in Lake County Superior Court. (*Id.* at 2.) The trial court sentenced him to a term of 17 years and four months in state prison. (*Id.*) In 2023, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied Petitioner's petition for review. (*Id.* at 2-3.) The California Supreme Court also denied a petition for a writ of habeas corpus in 2023. (*Id.* at 4.) Petitioner then filed the instant federal petition.

## DISCUSSION

I.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It
2  shall "award the writ or issue an order directing the respondent to show cause why the writ should
3  not be granted, unless it appears from the application that the applicant or person detained is not
4  entitled thereto." *Id.* § 2243.

5  II.  Legal Claims

6  Petitioner makes the following claims: (1) he received ineffective assistance of counsel at
7  trial (Grounds One and Two (ECF No. 11 at 7-11)); and (2) he received ineffective assistance of
8  counsel on appeal (Ground Three (*id.* at 12-14)). These claims, when liberally construed, are
9  capable of judicial review and determination.

10  The Court notes that Petitioner claims "an illegal search and seizure of Petitioner's
11  girlfriend's house" because "no search warrant issued." (*Id.* at 5:20-22.) Elsewhere, Petitioner
12  argues trial counsel was ineffective for failure to file a motion to suppress evidence obtained by
13  this unlawful search. (*Id.* at 7-8 ("Ground One" ¶ 3).) Federal habeas review of Fourth
14  Amendment claims is barred unless the state did not provide an opportunity for full and fair
15  litigation of those claims. *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976); *see Gordon v.*
16  *Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant actually litigated Fourth
17  Amendment claim in state court is irrelevant because California law provides such an opportunity
18  to do so). To the extent Petitioner means to assert an independent claim for federal habeas relief
19  on the grounds of an unlawful search and seizure under the Fourth Amendment, such a claim is
20  not capable of judicial determination under *Stone v. Powell*. However, to the extent he argues trial
21  counsel was ineffective in not filing a motion to suppress evidence on the grounds of an illegal
22  search, such a claim is capable of judicial determination.

## CONCLUSION

24  For the foregoing reasons and for good cause shown,

25  1. The clerk shall serve electronically a copy of this order upon the respondent and the
26  respondent's attorney, the Attorney General of the State of California, at the following email
27  addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and
28  the exhibits thereto are available via the Electronic Case Filing System for the Northern District of

1   California.  The clerk shall serve by mail a copy of this order on petitioner.

2         2.  Respondent shall file with the Court and serve on Petitioner, on or before **August 1, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the claims capable of judicial determination, as described above.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent on or before **September 2, 2024**.

      3.  Respondent may, on or before **August 1, 2024**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition on or before **September 2, 2024,** and Respondent shall file with the Court and serve on Petitioner a reply on or before **September 16, 2024**.

      4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      5.  Due to Petitioner's lack of funds, his application for leave to proceed in forma pauperis is GRANTED.

**IT IS SO ORDERED.**

Dated: May 2, 2024

JACQUELINE SCOTT CORLEY
United States District Judge